ORIGINAL

CAROL C. LAM
United States Attorney
LAURA E. DUFFY
Assistant U.S. Attorney
California Bar No. 199232
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6340

FILED

06 SEP -1 AM 9:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Magistrate Case No. 06mg1528-LSP |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| MANUEL ARTURO VILLARREAL-HEREDIA, | ) | |
| Material Witness. | ) | |

In accordance with 18 U.S.C. § 3144, providing for the release and detention of a material witness, and 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984, a detention hearing was held on August 28, 2006, to determine whether material witness MANUEL ARTURO VILLARREAL-HEREDIA should be held in custody pending future proceedings. Assistant U.S. Attorneys Laura E. Duffy and Peter Ko appeared on behalf of the United States; Attorneys Eugene Iredale and Kerry Steigerwalt appeared as counsel on behalf of material witness VILLARREAL-HEREDIA.

Based upon the evidence proffered by the United States, the August 17, 2006 material witness complaint and accompanying affidavit filed against VILLARREAL-HEREDIA and the Indictment in Criminal Case No. 97cr2520-LAB against Francisco Javier Arellano-Felix, et al., the Court concludes that the following facts establish by preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of material witness VILLARREAL-HEREDIA as may be required.

I

## FINDINGS OF FACT

Material Witness VILLARREAL-HEREDIA is charged in a one-count material witness complaint pursuant to 18 U.S.C. § 3144. The complaint against material witness VILLARREAL-HEREDIA relates to the United States Government's investigation of the Arellano-Felix Drug Trafficking Organization Enterprise ("AFO") and specifically to Criminal Case No. 97cr2520-LAB, charging Francisco Javier Arellano-Felix and 10 other defendants with Racketeering Offenses, in violation of 18 U.S.C. §§ 1962(c) and 1962(d); Drug Importation and Distribution Conspiracies, in violation of 21 U.S.C. §§ 952, 960, 963, 846 and 8419a)(1); Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h), and Criminal Forfeiture, in violation of 21 U.S.C. § 853 and 18 U.S.C. §§ 982(a)(1), (b)(1) and 1963(a).

The Government's affidavit in support of the material witness complaint and the Government's proffer indicate that VILLARREAL-HEREDIA's testimony is sought as a material witness in the investigation of the Arellano-Felix Drug Trafficking Organization (hereinafter the AFO). As is set out in further detail below, the Government identified material witness VILLARREAL-HEREDIA as a member of the AFO who the Government alleged would have in-depth knowledge about the operations and membership of the AFO, specifically including the role and activities of Francisco Javier Arellano-Felix who was apprehended on August 14, 2006. The Government's proffer was divided into two areas. The first provided background information on the AFO and material witness VILLARREAL-HEREDIA's membership in the AFO. The second provided information in support of the potential flight risk presented by VILLARREAL-HEREDIA.

Government's Proffer Regarding Background on AFO Investigation,
Criminal Case No. 97cr2520-LAB and VILLARREAL-HEREDIA's
Alleged Membership in the AFO

The Government proffered that VILLARREAL-HEREDIA, Javier Arellano-Felix and other suspected members of the AFO were apprehended by members of the United States Coast Guard on August 14, 2006, in international waters off the coast of Mexico, on a 43' yacht named "Dock Holiday."

| | |
|---|---|
| 1 | The Government proffered that VILLARREAL-HEREDIA and the others were detained after the Drug Enforcement Administration (DEA) notified the United States Coast Guard that the yacht, a U.S. flagged vessel, was in international waters and requested the Coast Guard to board the yacht and identify the individuals onboard. Upon boarding, members of the Coast Guard boarding team encountered eight adult males, one being VILLARREAL-HEREDIA, who identified himself as Luis Gonzalez Scairios. Members of the United States Coast Guard forwarded members of the DEA San Diego Field Division photographs of, and information collected from, the Dock Holiday passengers. Upon their doing so, DEA San Diego agents identified both VILLARREAL-HEREDIA and Francisco Javier Arellano-Felix. |

The Government proffered that VILLARREAL-HEREDIA and the others were detained after the Drug Enforcement Administration (DEA) notified the United States Coast Guard that the yacht, a U.S. flagged vessel, was in international waters and requested the Coast Guard to board the yacht and identify the individuals onboard. Upon boarding, members of the Coast Guard boarding team encountered eight adult males, one being VILLARREAL-HEREDIA, who identified himself as Luis Gonzalez Scairios. Members of the United States Coast Guard forwarded members of the DEA San Diego Field Division photographs of, and information collected from, the Dock Holiday passengers. Upon their doing so, DEA San Diego agents identified both VILLARREAL-HEREDIA and Francisco Javier Arellano-Felix.

The Government proffered that since in or about January 1995, members of a multi-agency federal, state and local task force have been investigating illicit drug trafficking and money laundering related activities of the AFO. The Government proffered that this investigation culminated in a series of indictments in Criminal Case No. 97cr2520-K, eventually re-designated 97cr2520-LAB.

The Government proffered that the first indictment returned as a result of this investigation was returned against Ramon Arellano-Felix in 1997, with superseding indictments 1 through 6 spanning from 1998 through 2002, adding various other defendants and charges. The Government proffered that the current indictment, the 7th superseding indictment, was returned on December 4, 2003. The Government proffered that the 7th superseding indictment charges AFO leaders on which cases had been built in the United States, including Javier Arellano-Felix.

The Government proffered, and the Court's own review has shown, that the 7th superseding indictment in Criminal Case 97cr2520-LAB charges Javier Arellano-Felix and 10 other defendants with RICO substantive and conspiracy charges, drug importation and distribution conspiracy charges, money laundering conspiracy charges and a forfeiture allegation related to these charges.

The Government proffered that it's investigation identified the AFO as one of the largest, most violent, drug trafficking organizations operating in the Tijuana, Baja California, Mexico area. The Government indicated that it's investigation identified the AFO's principal business as the

smuggling of cocaine and marijuana into the United States from Mexico in multi-ton quantities, and the further distribution of those controlled substances, using violence, corruption, and money laundering to achieve the organization's goals.

The Government proffered that during the course of the United States Government's investigation into the AFO, material witness VILLARREAL-HEREDIA was identified as a member of the cartel who had risen to lieutenant level status with the deaths and arrest of other members in the 2002-2003 time period. The Government also proffered that the Government of Mexico has advised the United States Government that it has several outstanding warrants for VILLARREAL-HEREDIA's arrest. The Government proffered that according to information provided by the government of Mexico, these warrants (the first issued in March 2004 and the last in July 2006) are the result of criminal activity VILLARREAL-HEREDIA engaged in as a member of the AFO. The Government proffered that the Mexico-based warrants charge a variety of crimes including, organized crime - related to drug trafficking, kidnaping, assaults, murder, and the importation of weapons for exclusive use by the military. Furthermore, the Government proffered that Francisco Javier Arellano-Felix is named as a codefendant in a number of the criminal acts charged in the above-referenced charging documents.

Moreover, the Government proffered that on August 28, 2006, the government of Mexico filed a request for VILLARREAL-HEREDIA's provisional arrest based on a November 22, 2004 warrant in which VILLARREAL-HEREDIA is charged with being involved in organized crime with the AFO. The Government proffered that the provisional arrest request specifically cited VILLARREAL-HEREDIA's involvement in ordering the June 22, 2004 murder of journalist Francisco Ortiz-Franco. Finally, in this regard, the United States proffered that United States Embassy officials in Mexico City, Mexico, had not yet transmitted the provisional arrest request documents to the Southern District of California, however, the documents are expected in the coming days to be followed by Mexico's formal request for VILLARREAL-HEREDIA's extradition from the United States to Mexico. (The Court notes that the provisional arrest request documents that the government of Mexico is said to have submitted to the United States Embassy in Mexico City, Mexico, are not formally before this Court. Therefore, the submission of such

1  documents is being considered only by way of background on the issue of VILLARREAL-
2  HEREDIA's detention as a material witness.)

3  <u>Government's Proffer Pertaining to VILLARREAL-HEREDIA's Risk of Flight</u>

4  The Government proffered that several 18 U.S.C. § 3142(g) factors the Court is required
5  to consider weigh in favor of material witness VILLARREAL-HEREDIA's detention pending
6  completion of his testimony in connection with the Government's investigation into the AFO,
7  specifically including the enterprise charges set out in 97cr2520-LAB. These factors included:

8      a.    <u>The Nature of the Offense - 3142(f)</u>: The Government proffered that the
9  very nature of the 18 U.S.C. § 3144 material witness offense charged against VILLARREAL-
10  HEREDIA supports detention. The Government proffered VILLARREAL-HEREDIA's
11  testimony is material in the United States Government's investigation of the AFO's illicit activities,
12  including those charged against Francisco Javier Arellano-Felix and others in Criminal Case No.
13  97cr2520-LAB. The Government proffered that given the state of the investigations into the AFO,
14  and VILLARREAL-HEREDIA specifically, that it may become impractical, if not impossible, to
15  secure his presence at grand jury and/or trial proceedings by subpoena.

16      b.    <u>The Strength of the Evidence - 3142(g)(3)(2)</u>: The Government proffered
17  that the evidence collected in investigations in both the United States and Mexico have established
18  that VILLARREAL-HEREDIA is a high-ranking member of the AFO who has in-depth knowledge
19  of the AFO's membership and operations. As a result, the evidence is strong that
20  VILLARREAL-HEREDIA would have relevant information pertaining to the AFO enterprise
21  generally, and Francisco Javier Arellano-Felix specifically.

22      c.    VILLARREAL-HEREDIA's History and Personal Characteristics -
23  3142(g)(3)(A):

24      (1)    <u>Citizenship</u>: The Government proffered that material witness
25  VILLARREAL-HEREDIA is a United States citizen, however, he has no documented
26  United States border crossings under his name.

27  //
28  //

[handwritten: within the past several years]  [handwritten initials: WAB]

06mg1528

5

    (2) <u>Place of Residency</u>: The Government proffered that material witness VILLARREAL-HEREDIA self reported residing in La Paz, Mexico, however, he was unable to provide a residential address.

    (3) <u>Ties to the Community</u>: The Government proffered that material witness VILLARREAL-HEREDIA initially self reported that his mother lived in Chula Vista, California, however, he could not provide a residential address for her. VILLARREAL-HEREDIA later indicated that his mother resided in Mexico. The Government proffered that VILLARREAL-HEREDIA had no place of residency in the United States generally, or the Southern District of California specifically. Finally, the Government proffered that it has no information that VILLARREAL-HEREDIA has any source of legitimate employment in the Southern District of California or elsewhere in the United States.

    (4) <u>Criminal History</u>: The Government proffered that it knew of no convictions under VILLARREAL-HEREDIA's name. However, the United States Government has been informed of five outstanding arrest warrants against VILLARREAL-HEREDIA in Mexico, including one upon which Mexico appears to have begun extradition proceedings.

    (5) <u>Financial Resources</u>: The Government proffered that it is unaware of any real property or other assets that could be attached if VILLARREAL-HEREDIA were given bail and failed to meet his court/grand jury obligations.

<u>Defense Counsel's Proffer on Behalf of Material Witness VILLARREAL-HEREDIA</u>

  Counsel for material witness VILLARREAL-HEREDIA denied all allegations the United States Government made concerning VILLARREAL-HEREDIA's ties to the AFO and/or his participation in any acts of violence in furtherance of the AFO.

  Counsel for material witness VILLARREAL-HEREDIA proffered that VILLARREAL-HEREDIA was born and raised in the San Diego, California area, and has several relatives who reside in the United States.

//

//

//

06mg1528

Counsel for material witness VILLARREAL-HEREDIA proffered that VILLARREAL-HEREDIA attended grade school, junior high school and high school in the San Diego, California area. Counsel proffered that VILLARREAL-HEREDIA attended high school through the 10th grade.

Counsel for material witness VILLARREAL proffered that VILLARREAL-HEREDIA has two children - both of whom are United States citizens living with their mother(s).

Counsel for material witness VILLARREAL-HEREDIA proffered that VILLARREAL-HEREDIA is not currently prepared to offer any real property or other assets to secure bail.

### Court's Sua Sponte Statements Regarding Understanding of AFO Operations Based on Government Presentation in the Detention Hearing in 06mg1534 on August 21, 2006

Sua Sponte, this Court cited information proffered to the Court in a related detention hearings on Monday, August 21, 2006, in United States v. Francisco Javier Meza-Castro, United States Magistrate No. 06mg1534. Specifically, the Court noted that in the above case, the Government proffered that multiple witnesses and confidential sources have reported that AFO leadership figures, including Javier Arellano-Felix, go to extreme measures to protect themselves, including limiting individuals who have access to them and/or locations where they may be.

This Court also cited information from the Government's proffer in the above-noted matter pertaining to the fact that the passengers apprehended on the Dock Holiday on August 14, 2006, were reported to have had access to radio and cellular communication devises. The Court noted that the passengers access to such devises together with the AFO's alleged practice of keeping a closely held environment with respect to it's leaders, and that the United States Government was offering a $5,000,000 reward for information leading to the arrest and prosecution of Francisco Javier Arellano-Felix, suggest that the passengers above the Dock Holiday with Arellano-Felix were close, trusted individuals, who may have information relevant to the Government's investigation.

//
//

## II
## REASONS FOR DETENTION

Viewing the August 17, 2006 material witness complaint filed in this matter, together with the Indictment in Criminal Case No. 97cr2520-LAB and the Government's proffer, there is probable cause to believe that material witness VILLARREAL-HEREDIA has information that is relevant to the Government's investigation into the criminal activities of the AFO, specifically including information pertaining to Francisco Javier Arellano-Felix. Furthermore, as indicated in the affidavit supporting the complaint, there is probable cause to believe that it would be impractical for the Government to secure material witness VILLARREAL-HEREDIA's testimony via subpoena, given material witness VILLARREAL-HEREDIA's motivation to flee rather than complying with a subpoena to provide testimony.

Although material witness VILLARREAL-HEREDIA is a United States citizen, he does not appear to have entered the United States under his true name for an extended period of time, and does not maintain a residence in the United States.

Material witness VILLARREAL-HEREDIA appears to have eluded law enforcement officials for an extended period of time in Mexico, which has outstanding warrants for his arrest dating back to March 2004.

Material Witness VILLARREAL-HEREDIA provided members of the United States Coast Guard with a false name when they encountered him on August 14, 2006.

Material witness VILLARREAL-HEREDIA was one of seven adult males on a boat with Francisco Javier Arellano-Felix. Given Arellano-Felix' alleged leadership of the AFO, reports about the closely held nature of the AFO, and the fact that passengers on the boat had access to communication equipment all suggests that VILLARREAL-HEREDIA was a trusted associate of Francisco Javier Arellano-Felix.

Mexico appears to have outstanding criminal arrest warrants against VILLARREAL-HEREDIA on which they are reported to be preparing provisional arrest and extradition requests to the United States. These outstanding warrants are reported to involve organized crime and acts of violence.

Based on the above, this Court finds that the Government has presented proof by a preponderance of the evidence establishing that material witness VILLARREAL-HEREDIA presents a risk of flight, and that no condition or combination of conditions could reasonably assure his appearance at future proceedings before a grand jury to provide testimony. Having found grounds for detention based on risk of flight, the Court does not find it necessary to reach the issue of material witness VILLARREAL-HEREDIA's danger to the community.

III

ORDER

IT IS HEREBY ORDERED that material witness VILLARREAL-HEREDIA be detained pending proceedings in this matter.

IT IS FURTHER ORDERED that material witness VILLARREAL-HEREDIA be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The witness shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//
//
//
//
//
//
//
//

06mg1528

| | |
|---|---|
| 1 | While in custody, upon order of a court of the United States or upon the request of an |
| 2 | attorney for the United States, the person in charge of the correctional facility shall deliver the |
| 3 | witness to the United States Marshal for the purpose of an appearance in connection with a court |
| 4 | proceeding or any other appearance stipulated to by defense and Government counsel. |
| 5 | THIS ORDER IS ENTERED WITHOUT PREJUDICE. |
| 6 | IT IS SO ORDERED. |
| 7 | DATED: 8-31-06 |

LARRY A. BURNS
United States District Court Judge

Prepared by:

CAROL C. LAM
United States Attorney

LAURA E. DUFFY
Assistant U.S. Attorney